IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SHERRY HENSLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. CIV-13-790-D |
| 1. CAPITAL BILLING, LLC, d/b/a/ JOURNEY CLINIC, | ) ) ) ) | |
| 2. NORMAN REGIONAL HOSPITAL AUXILIARY INC., d/b/a NORMAN REGIONAL HOSPITAL, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court are three motions, the motion of Defendant Norman Regional Hospital Auxiliary, Inc. ("Auxiliary") to dismiss Plaintiff's Complaint against it [Doc. No. 7]; Plaintiff's motion to allow a surreply in response to the motion to dismiss [Doc. No. 18]; and Plaintiff's opposed application to amend complaint to correct a misnomer, that is, the incorrect naming of a defendant [Doc. No. 14].

Plaintiff's motion to allow a surreply in response to the motion to dismiss [Doc. No.18] is DENIED as unnecessary. Plaintiff makes it clear in that motion and in her reply to Defendant's response to that motion [Doc. No. 24] that she does not contend that Auxiliary is a successor in interest to Defendant Capital Billing, LLC, d/b/a Journey Clinic.

In support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), Defendant Auxiliary argues that it is not a proper party; that Plaintiff has failed to exhaust her administrative remedies; and that Plaintiff has failed to state a claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq.* However, Defendant Auxiliary's

first and third arguments depend on a matter outside the pleadings, the affidavit of Wendy Fiebrich. As a general rule, the Court cannot consider material outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002). The Court declines to convert Defendant Auxiliary's motion to one for summary judgment and thus does not consider the affidavit.

Defendant Auxiliary asserts that Plaintiff failed to exhaust her administrative remedies against the Auxiliary, pointing to Plaintiff's Charge of Discrimination which names only Journey Clinic and Capital Billing, LLC. The Charge may properly be considered on a motion to dismiss because it is referred to in Plaintiff's Complaint. *See* Complaint [Doc. No. 1] at ¶ 25.[1] Accordingly, Defendant Auxiliary asserts that Plaintiff's claim against it under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* must be dismissed for lack of subject matter jurisdiction because exhaustion of administrative remedies is a jurisdictional prerequisite to suit, citing *Jones v. U.P.S., Inc.,* 502 F.3d 1176, 1183 (10th Cir. 2007).

Defendant is correct that a plaintiff must exhaust administrative remedies prior to filing an ADA claim and that doing so is a jurisdictional requirement. *See Jones*, 502 F.3d at 1183. Since Plaintiff does not now contend that Defendant Auxiliary is a successor in interest to Capital Billing, LLC d/b/a Journey Clinic, and Plaintiff did not name Defendant

---

[1] Where the material is submitted as an exhibit to a pleading or incorporated or referenced in a complaint, the Court may properly consider that material in adjudicating a Rule 12(b)(6) motion; it may also consider documents relied upon by a plaintiff as an integral basis for his claims. *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (citing *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964-65 (10th Cir. 1994)).

Auxiliary in her Charge of Discrimination, Plaintiff's ADA claim against Defendant Auxiliary must be dismissed for lack of subject matter jurisdiction. And since Plaintiff now proposes to delete her FMLA claim from her Complaint, *see* Plaintiff's opposed application to amend complaint [Doc. No. 14] at p. 4, which application is granted herein, the Court dismisses Plaintiff's Complaint against Defendant Auxiliary in its entirety.

Plaintiff seeks leave to amend her Complaint to name the proper Defendant, Norman Regional Hospital Authority. *See* Plaintiff's opposed application to amend the complaint to correct a misnomer. [Doc. No. 14]. Defendant Auxiliary opposes the motion, arguing that because Plaintiff has not exhausted her administrative remedies as to that entity, amendment would be futile. [Doc. No. 16]. Plaintiff has filed a reply.

The Court doubts that Defendant has standing to argue non-exhaustion on behalf of another entity. In any event, Plaintiff is granted leave to amend. It is possible that Plaintiff may be able to state a claim for relief upon correction of the misnomer if Norman Regional Hospital Authority, the entity Plaintiff apparently intended to name as a defendant, is a successor in interest to Defendant Capital Billing, LLC. *See Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ("'[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'") (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483 at 587 (2d ed. 1990) and citing *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Therefore, the Court cannot say as a matter of

law that the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (a district court must justify its denial of a motion to amend with reasons such as futility of amendment or undue delay); *see also Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996).

Pursuant to Fed. R. Civ. P. 15, Plaintiff's opposed application [Doc. No. 14] is granted. Plaintiff is given leave to amend her Complaint to name Norman Regional Hospital Authority as a Defendant herein and further, to delete her FMLA claims.

In accordance with the foregoing, the motion of Defendant Norman Regional Hospital Auxiliary to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. No. 7] is GRANTED, and that Defendant is DISMISSED; Plaintiff's motion to allow a surreply in response to the motion to dismiss [Doc. No. 18] is DENIED; and Plaintiff's opposed application to amend her complaint [Doc. No. 14] is GRANTED. Plaintiff shall file her amended complaint within fourteen (14) days of the date of this Order.

IT IS SO ORDERED this 21st day of January, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE